IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

THOMAS W. GOODIN                                                                                    PLAINTIFF

vs.                                          CIVIL NO. 06-2150

MICHAEL J. ASTRUE,[1] COMMISSIONER
SOCIAL SECURITY ADMINISTRATION                                                     DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Thomas Goodin, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claim for a period of disability and disability insurance benefits ("DIB") under the provisions of Title II of the Social Security Act ("Act").

**Procedural Background:**

The application for DIB now before this court was filed on August 5, 2003, alleging an onset date of December 5, 2002, due to back pain, memory problems, depression, the residual of two closed head injuries, and a whiplash injury damaging the C5-6 vertebra. (Tr. 58-60, 70). An administrative hearing was held on August 18, 2005. (Tr. 433-499).

At the time of the administrative hearing, plaintiff was fifty years old and possessed a high school education. (Tr. 20). The record reveals that he had past relevant work ("PRW") experience as a truck driver, warehouse worker, and warehouse manager. (Tr. 20).

On May 24, 2006, the Administrative Law Judge ("ALJ"), issued a written decision finding that plaintiff's impairments were severe impairments. (Tr. 15-21). However, he concluded that these

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for Commissioner Jo Anne B. Barnhart as the defendant in this suit.

impairments did not meet or equal the criteria of any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 17). After discrediting plaintiff's subjective allegations, he determined that plaintiff retained the residual functional capacity ("RFC") to carry and lift 15 pounds; stand, walk, and sit 6 hours in an eight-hour workday at 30 minute intervals; and, occasionally climb, bend, stoop, squat, kneel, crouch, twist, reach overhead, and push and pull. The ALJ also concluded that plaintiff was slightly limited with regard to his ability to finger, feel, and grasp. (Tr. 18). Further, he found that plaintiff should avoid noise, light, sunlight, cold and damp areas, rough and uneven surfaces, unprotected heights, and fast and dangerous machinery. The ALJ then stated that plaintiff required simple, repetitive, and routine work with limited contact with the public, coworkers, and supervisors. With the assistance of a vocational expert ("VE"), the ALJ determined that plaintiff could still perform work as a hand packager, miscellaneous hand laborer, assembler, and miscellaneous laborer. (Tr. 21).

On August 8, 2006, the Appeals Council declined to review this decision. (Tr. 6-9). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned for report and recommendation. Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. # 8, 9).

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d

964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents his from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. §§ 404.1520(a)- (f)(2003), 416.920. Only

3

if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity.  *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920 (2003).

**Discussion:**

     Of particular concern to the undersigned is the ALJ's failure to consider all of the evidence concerning plaintiff's mental impairments.  *Reeder v. Apfel*, 214 F.3d 984, 988 (8th Cir. 2000) (holding that the ALJ is not free to ignore medical evidence, rather must consider the whole record). The evaluation of a mental impairment is often more complicated than the evaluation of a claimed physical impairment. *Andler v. Chater,* 100 F.3d 1389, 1393 (8th Cir. 1996).  Evidence of symptom-free periods, which may negate the finding of a physical disability, do not compel a finding that disability based on a mental disorder has ceased.  *Id*.  Mental illness can be extremely difficult to predict, and remissions are often of "uncertain duration and marked by the impending possibility of relapse."  *Id.*  Individuals suffering from mental disorders often have their lives structured to minimize stress and help control their symptoms, indicating that they may actually be more impaired than their symptoms indicate.  *Hutsell v. Massanari,* 259 F.3d 707, 711 (8th Cir.2001); 20 C.F.R. Pt. 404, Subpt. P., App. 1, § 12.00(E) (1999).  This limited tolerance for stress is particularly relevant because a claimant's residual functional capacity is based on their ability to perform the requisite physical acts day in and day out, in the sometimes competitive and stressful conditions in which real people work in the real world."  *McCoy v. Schweiker,* 683 F.2d 1138, 1147 (8th Cir. 1982) (abrogated on other grounds).

     In the present case, the ALJ failed to consider evidence concerning plaintiff's global assessment of functioning scores.  The objective medical evidence before the court reveals that

plaintiff was diagnosed with a personality disorder due to head trauma and assessed with a global assessment of functioning score of 38 by Dr. Bronson Stilwell, a psychiatrist at the Veteran's Administration ("VA") Clinic in March 2003. (Tr. 173). Plaintiff was prescribed Paxil to treat his condition. However, in spite of increases in medication dosage, on June 6, 2003, plaintiff reported no change in his condition. (Tr. 318). As such, Dr. Stilwell also prescribed Olanzapine. (Tr. 319). Once again, he assessed plaintiff with a GAF of 38. (Tr. 319). By September 2003, plaintiff's medications included Cyclobenzaprine, Oxycodone, Paroxetine, Simvastin, and Triamcinolone. (Tr. 306). Dr. Stilwell noted plaintiff clearly had some memory deficits. (Tr. 306). Again, he diagnosed plaintiff with organic personality disorders due to head trauma and assessed him with a GAF of 42. (Tr. 306).

This same month, plaintiff was evaluated by Dr. Mabelle Collins, a psychiatrist. (Tr. 18, 263-268). Plaintiff reported experiencing visual hallucinations, stating that he could "see past the obvious" and described it as being "like a picture or a movie." Dr. Collins diagnosed plaintiff with a mood disorder due to his general medical condition, with depressive features. (Tr. 266). She also assessed plaintiff with a GAF of 48. (Tr. 267).

In July 2004, plaintiff saw Dr. Ravi Mehta, a psychiatrist at the VA Clinic. (Tr. 341-343). The doctor noted that plaintiff had been doing well on his current medications but was experiencing some sedation. Plaintiff indicated that his depression symptoms had worsened. An examination revealed a euthymic mood with broad affect, good eye involvement, psychomotor retardation, spontaneous speech with normal fluency, linear thought process without circumstantial or tangential thoughts, no auditory or visual hallucinations, average attention and concentration, and intact insight and judgment based on his recognition of psychiatric symptoms voluntary submission to treatment.

Dr. Mehta diagnosed plaintiff with major depression and organic personality disorder and assessed plaintiff with a GAF of 45. Prozac was prescribed in the place of Wellbutrin and Celexa. (Tr. 343).

As the record makes clear, plaintiff's GAF score did not exceed 48 during the relevant time period. A GAF of 41-50 is indicative of serious symptoms or a serious impairment in social, occupational, or school functioning. *See* American Psychiatric Association, DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS 34 (4th edition Revised 2000). Further, GAF scores between 31 and 40 are characteristic of some impairment in reality testing or communication or a major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood. *Id*. Because the ALJ failed to discuss these scores, we believe that the case should be remanded to the ALJ for further evaluation of plaintiff's mental impairments.

In addition, the ALJ also failed to properly consider the VA's determination that plaintiff had an 80% disability, secondary to back problems including cervical, thoracic, and lumbar-sacral degenerative disk disease. (Tr. 404-408). An ALJ is required to address a finding by the VA that a plaintiff is disabled. *See Morrison v. Apfel*, 146 F.3d 625, 628 (8th Cir. 1998). Accordingly, on remand, the ALJ is also directed to develop the record further in this regard.

**Conclusion:**

Based on the foregoing, we recommend that the ALJ's decision be reverse and the case be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 26th day of July 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE